NORTH CAROLINA　　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
GUILFORD COUNTY

　　　　　　　　　　　　　　　　　　　　08CVS 7084

BETTYE A. WOOD,　　　　　　　　）
　　　　　　　　　　　　　　　　）
　　Plaintiff,　　　　　　　　　）
　　　　　　　　　　　　　　　　）
vs.　　　　　　　　　　　　　　）　COMPLAINT
　　　　　　　　　　　　　　　　）
BANK OF AMERICA CORPORATION,　）
　　　　　　　　　　　　　　　　）
　　Defendant.　　　　　　　　　）

　　COMES NOW THE PLAINTIFF, complaining of Defendant and alleges and says that:

　　1. Plaintiff is a citizen and resident of Guilford County, North Carolina.

　　2. Upon information and belief, Defendant is a corporation organized and existing under and by virtue of the laws of the State of Delaware, having a place of business in Guilford County, North Carolina.

　　3. Plaintiff was employed by Defendant until on or about April 2, 2007 when she was terminated. At the time of her termination, the Plaintiff's age was 55.

　　5. Plaintiff is of the Caucasian race.

　　6. Upon information and belief, Plaintiff was replaced by an employee outside the protected age group and with less experience. Upon information and belief, younger employees continue to perform Plaintiff's duties.

　　7. Despite the excellent quality of her work, Plaintiff was terminated and not offered any alternate positions within Defendant's organization.

## FIRST CAUSE OF ACTION: AGE DISCRIMINATION

8. Upon information and belief, at all times relevant herein, Defendant employed at least 20 individuals during the 52 weeks preceding these events and thus was an employer within the meaning of 29 U.S.C. §621 et seq., the Age Discrimination in Employment Act (hereinafter "ADEA").

9. At all times relevant herein, Defendant has been aware of the provisions of N.C.G.S. §143-422.2 and the ADEA which prohibit employment discrimination on the basis of age. In terminating the Plaintiff, Defendant wilfully, knowingly, and intentionally discriminated against her on the basis of her age. Upon information and belief, the Plaintiff's termination was more severe discipline for her alleged actions as compared to her non-Caucasian coworkers.

10. As a result of the existence of an employment relationship between the parties, the law of the State of North Carolina and the United States support a public policy of anti-discrimination in obtaining and maintaining employment. The conduct of Defendant, as alleged above, is in direct violation of the laws of the State of North Carolina as stated in North Carolina General Statute §143-422.2 which prohibits age discrimination in employment and under Federal law pursuant to the ADEA. Thus, Defendant's conduct constitutes wrongful discharge under the laws of the State of North Carolina and the United States.

11.. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with age discrimination in its decision to terminate her

2

employment and in its treatment of her while employed. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. Plaintiff was sent her right to sue letter on said charges of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

12. Defendant's actions against Plaintiff were unfair, made in bad faith, and in violation of the public policy of the State of North Carolina as they were based on age discrimination.

13. As a proximate result of Defendant's conduct as stated above, Plaintiff has sustained and continues to sustain substantial losses in earnings, retirement benefits and other employment benefits, all to her damage in a sum to be proved at trial. Plaintiff prays leave of the Court to amend this Complaint when these damages are more fully known.

## SECOND CAUSE OF ACTION: RACIAL DISCRIMINATION

14. The allegations set forth in paragraphs one through thirteen are realleged and incorporated by reference as if fully set forth.

15. That Plaintiff was employed by Defendant in a variety of positions over the many years of her employment with the Defendant.

16. That during her employment with Defendant, Plaintiff performed her positions diligently and with the best interests of the Defendant in mind.

17. That the Plaintiff was terminated without notice allegedly for a minor error. Upon information and belief, the termination was more severe discipline for her actions as compared to her non-Caucasian coworkers.

18. That, upon information and belief, a person of another race, with less experience than Plaintiff was placed in her position and/or assumed her duties.

19. At all times relevant herein, Plaintiff's supervisor, who made the decision to terminate her employment, was an agent of the Defendant, duly authorized and acting within the scope of her employment.

20. The conduct of Defendant, as alleged herein, not only violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), but also violates the public policy of the State of North Carolina as it was based on unlawful racial discrimination.

21. That within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with racial discrimination in its decision to terminate her employment and in its treatment of her while employed. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. Plaintiff was sent her right to sue letter on said charges of discrimination from the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

22. Said racial discrimination and subsequent termination of Plaintiff by Defendant, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $10,000.00 representing lost wages and benefits.

### THIRD CAUSE OF ACTION: PUNITIVE DAMAGES

23. The allegations set forth in paragraphs one through twenty-two are realleged and incorporated by reference as if fully set forth.

4

24. The above described acts or omissions of the Defendant, by and through its duly authorized agents acting within the scope of their employment, constitute wrongs done wantonly, willfully, or with actual malice, or under circumstances of rudeness, insult, indignity, oppression, or in a manner which demonstrates a reckless disregard of the Plaintiff's rights.

25. Plaintiff is entitled to recover of Defendant on this cause an amount to be determined at trial as punitive damages to deter discrimination by Defendant in the future.

## FOURTH CAUSE OF ACTION: REDA

26. The allegations set forth in paragraphs one through twenty-five are realleged and incorporated by reference as if fully set forth.

27. Plaintiff filed a retaliation charge with the North Carolina Department of Labor within 180 days of the last discriminatory retaliation in the workplace.

28. Plaintiff suffered an on the job injury on or about October 6, 2005. Her managers refused to accept the claim until approximately December, 2006.

29. Shortly thereafter, her employment was terminated. Upon information and belief, at least one factor in the termination was retaliation for exercising her rights under the North Carolina Worker's Compensation Act.

30. Within 180 days of her termination, Plaintiff filed a charge of retaliatory discharge with the Department of Labor. Upon conclusion of its investigation, Plaintiff was sent her right to sue letter on said charge of retaliatory discharge. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of issuance of the right to sue letter.

5

31. Said retaliation and subsequent termination of Plaintiff by Defendant, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $10,000.00 representing lost wages and benefits.

32. The conduct of Defendant, as herein set out, constitutes a violation of N.C.G.S.§95-241 in that Plaintiff's termination was in retaliation for filing a worker's compensation claim and exercising her rights under the worker's compensation act.

## FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF

33. The allegations contained in paragraphs one through thirty-two are realleged and incorporated herein by reference as though fully set forth.

34. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory and injunctive relief is the only means for securing adequate relief.

WHEREFORE, Plaintiff prays for judgment as follows:

1. Entry of a preliminary and permanent injunction enjoining Defendant, its officers, employees, agents and all persons acting in concert with Defendant, from engaging in employment discrimination on the basis of age and race and directing Defendant to reinstate Plaintiff to the employment from which she was terminated, and to restore to her all wages, retirement benefits and other employment benefits due them from the date of termination or in the alternative to reinstate all benefits and award Plaintiff back pay and front pay as her opportunities for future employment are limited.

2. Entry of a money judgment against Defendant, awarding Plaintiff damages representing lost wages, front pay, and all other sums of money, including retirement

6

benefits and other employment benefits which Plaintiff would have earned had she not been terminated, together with interest on said amounts from Plaintiff's date of termination.

3. An award to Plaintiff for the costs of the prosecution of this action, including reasonable attorney's fees.

4. An award to Plaintiff of such other and further relief as to the Court may seem just and proper.

                                          Nancy P. Quinn
                                          Attorney for Plaintiff
                                          315 Spring Garden St., Suite 1D
                                          Greensboro, North Carolina 27401
                                          Telephone: (336) 272-9072

7

Case 1:08-cv-00384-TDS -PTS   Document 3   Filed 06/10/08   Page 7 of 7